Jannine E. Kranz, Bar No. 272389
jkranz@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Facsimile: 800.715.1330

ATTORNEYS FOR DEFENDANT
J.B. HUNT TRANSPORT, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL SOSA, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>J.B. HUNT TRANSPORT, INC., a Georgia Corporation; and DOES 1 through 20,<br><br>  Defendants. | Case No. 2:26-cv-00224<br><br>*[Removed from Los Angeles Superior Court Case No. 25STCV33553]*<br><br>**DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Trial Date:  None Set<br>Complaint Filed: November 17, 2025 |

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF JOSE MANUEL SOSA, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant J.B. Hunt Transport, Inc. (hereinafter "Defendant"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b) based on diversity of citizenship between the parties.

In support of its Notice of Removal of Civil Action to Federal Court ("Notice of Removal"), Defendant states the following:

## I.    STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.    PLEADINGS, PROCESS, AND ORDERS

2.    On November 17, 2025, Plaintiff filed his Complaint in this case in the Superior Court of California for the County of Los Angeles, Case No. 25STCV33553, entitled *JOSE MANUEL SOSA, an individual, Plaintiff vs. J.B. HUNT TRANSPORT, INC., a Georgia Corporation, and DOES 1 through 20, Defendants* (hereinafter, "Complaint"). Plaintiff's Complaint alleges claims for: (1) Disability and Perceived Disability Discrimination in Violation of The Fair Employment and Housing Act ("FEHA"); (2) Failure to Engage in a Good Faith Interactive Process in Violation of FEHA; (3) Failure to Provide Reasonable Accommodation in Violation of FEHA; (4)

Retaliation in Violation of FEHA; (5) California Family Rights Act ("CFRA") Rights Retaliation; (6) Failure To Prevent Discrimination and Retaliation in Violation of FEHA; and (7) Wrongful Termination in Violation of Public Policy.  A true and correct copy of the Complaint is attached as "**Exhibit A**" to the Declaration of Jannine E. Kranz In Support of Removal ("Kranz Decl.").  Kranz Decl. ¶ 2, Ex. A.

3.     On December 11, 2025, Defendant was personally served with the Complaint, along with copies of the Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment – Unlimited Civil Case, Notice of Case Management Conference, Order to Show Cause Hearing, Clerk's Certificate of Service by Electronic Service, and Alternative Dispute Resolution Information Package.  True and correct copies of the Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment – Unlimited Civil Case, Notice of Case Management Conference, Order to Show Cause Hearing, Clerk's Certificate of Service by Electronic Service, and Alternative Dispute Resolution Information Package, that were served on Defendant on December 11, 2025 are attached as **"Exhibit B"** to the Kranz Declaration.  Kranz Decl. ¶ 2, Ex. B.

4.     On January 7, 2026, Defendant filed its Answer to Plaintiff's Complaint.  A true and correct copy of Defendant's Answer is attached as "**Exhibit C**" to the Kranz Declaration.  Kranz Decl. ¶ 3, Ex. C.

5.     Pursuant to 28 U.S.C. § 1446(a), **Exhibits A** through **C** attached to the Kranz Declaration constitute all process, pleadings and orders served on Defendant or filed or received by Defendant in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed and served by any party in the Superior Court of the State of California, County of Los Angeles, for this matter. To Defendant's knowledge, no proceedings related to this action have been heard in the Superior Court of the State of California, County of Los Angeles.  Kranz Decl. ¶¶ 2-4.

6.     As is set forth more fully below, based on the allegations of the Complaint and other evidence collected by Defendant, this Court has original jurisdiction pursuant to

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000. Therefore, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a).

## III.   VENUE

7.     This action was filed in the Superior Court for the State of California for the County of Los Angeles. Accordingly, venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1391, 1441 and 1446.

## IV.   TIMELINESS OF REMOVAL

8.     An action may be removed from state court by filing a notice of removal together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

9.     Here, Plaintiff served his Complaint on Defendant on December 11, 2025. The third-day period for removal runs through January 12, 2026, by operation of Federal Rule of Civil Procedure, Rule 6 (extending time to "the next day that is not a Saturday, Sunday, or legal holiday"). As referenced above, this Notice of Removal also contains all process, pleadings and orders served on Defendant, as well as Defendant's Answer. Kranz Decl. ¶¶ 2-4, Exhs. A-C.

10.     This Notice of Removal is also timely because it is based on diversity jurisdiction and filed within one year of the date the action was originally filed on November 17, 2025.

## V.   DIVERSITY JURISDICTION

11.     The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1)  citizens of different States. . . .

12.    This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

**A.    Diversity Of Citizenship**

**1.    Plaintiff Is A Citizen Of California**

13.    For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); s*ee District of Columbia v. Murphy,* 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary"); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 2008 WL 744709, *7 (E.D. Cal., Mar. 18, 2008) (maintaining a place of residence provides a prima facie case of domicile); *Gutterman v. Wachovia Mortgage*, 2011 WL 2633167, *1 (C.D. Cal., Mar. 31, 2011) (plaintiff's residence and ownership of property sufficient to establish her domicile in California).

14.    Plaintiff alleges that he "is a resident of Los Angeles County, and at all relevant times during his employment with J.B. Hunt was a resident of Los Angeles County, California." *See* Kranz Decl. ¶ 2, Ex. A, Complaint ("Complaint"), ¶ 1.  Plaintiff therefore is presumed to be a citizen of the State of California.  *Kanter,* 265 F.3d at 857.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Moreover, Plaintiff's last known address is located in California.  Declaration of Mark Jostad ("Jostad Decl."), ¶ 5.  Likewise, Plaintiff's personnel records from J.B. Hunt show that Plaintiff's class A driver's license was issued by the State of California.  *Id.*  Likewise, Plaintiff's job applications that Plaintiff submitted to Defendant in January 2022 and January 2023, state that Plaintiff resided in California since 2012.  *Id.*  Thus, based on Plaintiff's lengthy history of residing and working in California, it is clear that Plaintiff is domiciled in California.

### 2.    Defendant Is A Citizen Of Georgia And Arkansas

15.    In determining diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'  We believe that the 'nerve center' will typically be found at a corporation's headquarters."  *Id.* at 80-81 (Citations omitted.)  *See also Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

16.    At the time of filing this action, and at all times relevant to the allegations contained in Plaintiff's Complaint, Defendant was, and still is, a corporation incorporated under the laws of Georgia.  Jostad Decl. ¶ 7.  Its corporate headquarters and principal place of business was, and is, in Lowell, Arkansas.  Jostad Decl. ¶¶ 8-9.  Defendant's executives primarily work out of offices at the Lowell, Arkansas headquarters, where Defendant centralizes its administrative functions and operations.  Jostad Decl. ¶ 9.  Lowell, Arkansas is the actual center of direction, control and coordination for Defendant's operations.  *Id.*

17.    Defendant, therefore, is a citizen of the State of Georgia and the State of Arkansas.  *Breitman,* 37 F.3d at 564.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

### 3.    Citizenship Of Doe Defendants Should Be Disregarded

18.    The Complaint also names as Defendants "DOES 1 to 20."  Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction.  Further, to Defendant's knowledge, no fictitious defendant has been served; thus, none need join in the Notice of Removal.  *See Salveson v. W. States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves.").

### B.    Amount In Controversy Exceeds The Jurisdictional Prerequisite

19.    The amount in controversy is determined from the allegations or prayer of the complaint.  *See St. Paul Mercury Idemn. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938).  Where a complaint does not seek a specific monetary amount in damages, defendant only needs to show by a preponderance of the evidence (that it is "more likely than not") that plaintiff's claimed damages exceed the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 298, 403-04 (9th Cir. 1996).  Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions."  *Id.* at 551, 553.

20.    In measuring the amount in controversy, a court must assume the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by the complaint, not what is actually owed if a plaintiff prevails.  *See Rippee v. Boston Market Corp*., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe.  It's a question as to what is in controversy.").

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

7

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

21.    Here, as set more fully below, the Court can reasonably ascertain from the Complaint and Plaintiff's Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

22.    The Ninth Circuit held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018).  Here, Plaintiff seeks damages for, but not limited to: past and future economic loss, including lost earnings; emotional distress, pain and suffering; punitive damages; statutory penalties, and attorneys' fees. *See* Complaint, ¶¶ 30-35, 43-45, 47-48, 57-62, 69-74, 86-91, 97-102, 109-113; Prayer for Relief ¶¶ 1-2, 4-5.

23.    **Past Lost Earnings.**  Plaintiff seeks economic and special damages in the form of past and future lost earnings and benefits, resulting from discrimination, failure to provide reasonable accommodations, failure to engage in the interactive process, retaliation, and wrongful termination in violation of public policy.  (Complaint, ¶¶ 30, 43, 57, 69, 86, 97, 109, Prayer for Relief, ¶ 1.)  Plaintiff was employed by Defendant from approximately January 24, 2022 to April 6, 2022, as a truck driver.  Jostad Decl. ¶ 4.  He was then rehired as a truck driver on February 1, 2023.  *Id.*  His last day of work was approximately November 17, 2023.  Jostad Decl. ¶ 4; Complaint ¶ 19.  During his employment in 2023, Plaintiff was compensated at a base hourly rate of $18/hour plus bonus compensation for various activities.  Jostad Decl. ¶ 4.  From February 1, 2023, to November 17, 2023, Plaintiff received $33,698.27 in bonus pay and $25,971.14 in hourly pay.  *Id.*  Thus, his average weekly compensation from February 1, 2023, to November 17,

---

[1] The alleged damages calculations contained herein are based upon the allegations in the Complaint, and are for purposes of removal only.  Defendant expressly denies that Plaintiff is entitled to any relief whatsoever.  Defendant expressly reserves the right to challenge Plaintiff's alleged damages in this case.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

2023, was approximately $1,421, not including pay for holidays, sick pay, paid time off, or any other compensation.[2]

24. Although Defendant denies that Plaintiff is entitled to recover any damages, assuming, *arguendo*, that Plaintiff was awarded back wages for approximately 164 weeks (from November 17, 2023, through the likely date of trial at least one year from the date of filing this notice of removal, i.e. January 9, 2027), the amount of back pay in controversy in this case would total at least approximately **$233,044** ($1,421 x 164 weeks). **Thus, Plaintiff's alleged lost earnings alone place over $75,000 at issue in this matter.**

25. In addition, Plaintiff appears to seek future damages or front pay as a result of the alleged wrongs by Defendant, as he claims that he "has sustained and continues to sustain, economic damages in earnings and other employment benefits…." *See* Complaint, ¶¶ 30, 43, 57, 69, 86, 97, 109. Such awards for front pay wages in California can span several years. *See Smith v. Brown-Forman Distillers Corp*., 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus*., 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H & R Block, Inc*., 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay damages of six months, the amount of future wages in controversy in this case would total at least an additional $36,946 ($1,421 x 26 weeks).

26. Thus, Plaintiff's total damages for lost past and future wages, place at least **$269,990** ($233,044 + $36,946) in controversy.

27. **Emotional Distress.** Plaintiff also seeks recovery of non-economic damages for emotional distress resulting from the alleged discrimination, retaliation, failure to accommodate and engage in the interactive process, and wrongful termination, including damages for "past and future emotional distress and mental suffering…." (Complaint, ¶¶ 31, 44, 58, 70, 87, 98, 110, Prayer for Relief, ¶ 2.) These claims further augment his damages for purposes of this removal. *See Luckett v. Delta Airlines, Inc*., 171 F.3d 295,

---

[2] $33,698.27 + $25,971.14 = $59,669.41. There are approximately 42 weeks from February 1, 2023, to November 17, 2023. $59,669.41 divided by 42 weeks = $1,420.70/week.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold). Emotional distress damage awards FEHA discrimination cases are often well in excess of $75,000, standing alone. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial" and moreover, that emotional distress damages "may be considered when calculating the amount in controversy even where not clearly pled in the complaint"); *Ko v. The Square Grp.,* JVR No. 1503030036, 2014 WL 8108413 (Cal. Sup. 2014) (awarding $125,000 for pain and suffering in a FEHA disability discrimination case).

28. In order to establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous allegations. *See Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *10 (N.D. Cal. July 11, 2008) (*citing Simmons*, 209 F.Supp.2d at 1033); see *also Cain v. Hartford Life & Acc. Ins. Co.*, 890 F.Supp.2d 1246, 1250 (C.D. Cal. 2012) ("Cain seeks to recover emotional distress from Hartford, which must be considered in this [amount in controversy] analysis."); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial."); *see also Plata v. Target Corp.,* 2016 WL 6237798, *3 (C.D. Cal. Oct. 25, 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses); *see also Simmons*, 209 F.Supp.2d at 1034 (collecting cases); *Olvera v. Sangha Dhindsa Foods, Inc.* JVR No. 1611300020, 2016 WL 7034155 (Cal. Sup. Ct. 2016) (plaintiff was awarded $116,000 for emotional distress damages in pregnancy discrimination case).

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

29. Jury verdicts in cases involving analogous facts (*i.e.* discrimination and retaliation for raising internal complaints) demonstrate that $25,000 is likely a conservative estimate for the emotional distress component of Plaintiff's amount in controversy. *See, e.g., Sullivan v. Save Mart Supermarkets, et al.,* 2017 Jury Verdicts LEXIS 12578 (Cal. Super. Ct. 2017) ($425,000 in emotional distress damages in a FEHA pregnancy discrimination suit); *Massey v. City of Long Beach,* JVR No. 1509220063, 2015 WL 5578119 (Cal. Sup. Ct. 2015) (awarding $520,119 in damages for pain and suffering in FEHA discrimination case); *Gomez v. Magco Drilling* JVR No. 1510280054 (Cal. Sup. 2015); *Ko v. The Square Grp.,* JVR No. 1503030036, 2014 WL 8108413 (Cal. Sup. 2014) (awarding $125,000 for pain and suffering in a FEHA disability discrimination case); *Olvera v. Sangha Dhindsa Foods, Inc.* JVR No. 1611300020, 2016 WL 7034155 (Cal. Sup. Ct. 2016) (disability discrimination case based on pregnancy awarding $116,000 in emotional distress damages); *see also Simmons*, 209 F. Supp. 2d at 1034 (collecting cases). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id*. at 980; *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"). Based on the conservative estimate from *Kroske*, and for purposes of evaluating the amount in controversy on Plaintiff's claims, and based on the foregoing jury verdicts, a conservative estimate of the emotional distress damages is at least $25,000**.**

30. Accordingly, using a conservative estimate, Plaintiff's alleged emotional distress damages contributes at least **$25,000** to the amount in controversy.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

31.   **Punitive Damages.**  Plaintiff also seeks punitive damages.  (Complaint, ¶¶ 34, 47, 61, 73, 90, 101, 113; Prayer for Relief, ¶ 4.)  The Court must consider punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law.  *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 243 F.Supp.2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).  Additionally, employment discrimination cases have the potential for large punitive damages awards.  *Simmons*, 209 F.Supp.2d at 1033; *Roby v. McKesson Corp.,* 47 Cal. 4th 686, 719-720 (2009) (punitive damage award of $1,905,000).  Punitive damages may be significant even when no compensatory damages are awarded.  *Moore vs. JMK Golf LLC,* 25 Trials Digest 16th 15, 2013 WL 3149228 (Cal. Sup. Ct. 2013) ($150,000 punitive damage award in a FEHA pregnancy discrimination leave case); *Torres v. BEAerospace, Inc.,* JVR No. 1606300035, 2016 WL 3552983 (Cal. Sup. Ct. 2013) ($7,000,000 punitive damage award in FEHA gender discrimination suit).

32.   Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum.  Accordingly, even if the Court applies a modest one-to-one ratio of punitive damages to economic/special damages in this case, Plaintiff's request for punitive damages alone puts in controversy an additional **$269,990** in punitive damages.

33.   **Attorney Fees.**  Finally, Plaintiff seeks recovery for attorneys' fees and costs. (Complaint ¶¶ 35, 48, 62, 74, 91, 102, Prayer for Relief, ¶¶ 5.)  It is well settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady*,

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

243 F. Supp. 2d at 1010-11 (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail).  Even just considering Plaintiff's discrimination and retaliation claims under the Fair Employment and Housing Act, the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff.  Cal. Gov't Code §12965(b).  While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award.  *Simmons*, 209 F. Supp. 2d at 1034.

34.     At an assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a generally conservative estimate of time spent through trial) to incur $75,000 in reasonable attorneys' fees (250 x $300 = $75,000).  Defendant may use damage awards in other cases to establish the amount in controversy.  *Simmons*, 209 F. Supp. 2d at 1033.  Attorneys' fees awards in employment matters often exceed $75,000.  *See Flannery v. Prentice*, 26 Cal.4th 572 (2001) (California Supreme Court upheld an award of attorneys' fees under FEHA) for $891,042); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less); *see also Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *12-13 (N.D. Cal. 2008) (on denying motion for remand, the court stated that employment discrimination claims require a great deal of preparation and effort to maintain and at plaintiff's attorneys' claimed rate of $400 an hour, fees will likely become substantial) *citing Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that in the Court's twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages and found the jurisdictional maximum was satisfied); *Akers v. Cty. of San Diego*, 95 Cal. App.4th 1441 (lower court awarded $249,349 in attorneys' fees in wrongful termination in violation of public policy and discrimination case); *Hackmon v. City of Los Angeles*, 2001 WL 1860540) (Cal. Superior ($114,484 awarded in discrimination case brought under the FEHA); *Kohn v. Cty. of Los Angeles*, 2001 WL 1720226 (awarding $161,700 in attorneys' fees in FEHA discrimination case) (Cal. Superior); *Heiserman v.*

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

*Lemon Grove Sch. Dist.*, 1998 WL 1547897 (Unknown State Ct.) ($96,000 in fees awarded in failure to accommodate case).

35. Thus, an attorneys' fees award in this case could easily reach or exceed **$75,000**.

36. **Other Damages.** Plaintiff also seeks such open-ended relief "[f]or such other relief the Court may deem just and proper." (Complaint, Prayer for Relief ¶ 9.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000).

37. Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.

38. **Summary of Amount in Controversy.** In sum, although Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs:

| | |
|---|---|
| Back Pay | $233,044 |
| Front Pay | $36,946 |
| Emotional Distress | $25,000 |
| Punitive Damages | $269,990 |
| Attorneys' Fees | $75,000 |

14

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

| Amount in Controversy | $639,980 |
|---|---|

Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VI.   NOTICE TO PLAINTIFF AND STATE COURT

39.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles.

Dated:  January 9, 2026

LITTLER MENDELSON, P.C.

*/s/Jannine E. Kranz*
Jannine E. Kranz

Attorneys for Defendant
J.B. HUNT TRANSPORT, INC.

4921-2980-4408.2 / 129273.1004

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT